# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DEMETRIUS MAURICE MILES,**
Plaintiff

v.

**YORK COUNTY PRISON,**
**WARDEN ADAM OGLE,**
**WARDEN VALERIE CONWAY,**
**SGT. FINK AND FIRST SHIFT C/O's,**
**SGT. MYERS,**
**JOHN DOE (Morning Shift C/O with Prosthetic Leg),**
Defendants.

1:25-CV-2003

FILED
SCRANTON
OCT 24 2025
PER ___DJ___
DEPUTY CLERK

Civil Action No.: _____
Jury Trial Demanded

# VERIFIED CIVIL RIGHTS COMPLAINT FOR VIOLATION OF DUE PROCESS AND DENIAL OF ACCESS TO COURTS PURSUANT TO 42 U.S.C. §1983

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, specifically 42 U.S.C. §1983, to redress deprivations under color of state law of rights secured by the Fourteenth Amendment to the United States Constitution.

Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.

Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred at York County Prison, located within this District.

## II. PARTIES

Plaintiff: Demetrius Maurice Miles, an adult individual, currently residing at 1785 Altland Avenue, York, Pennsylvania 17404. At all relevant times, Plaintiff was an inmate housed at York County

Prison.

Defendant York County Prison is a government-operated correctional facility located in York, Pennsylvania, acting under color of state law.

Defendants Adam Ogle and Valerie Conway were the Wardens of York County Prison, responsible for its policies and operations.

Defendant Sgt. Fink, his first shift correctional officers, Sgt. Myers, and John Doe (morning shift C/O with prosthetic leg) acted in their official and individual capacities as correctional staff of York County Prison during the time of the violations described below.

## III. FACTUAL ALLEGATIONS

On or about June 13, 2024, Plaintiff was incarcerated in the York County Prison segregation unit (Behavioral Adjustment Unit) serving a 30-day disciplinary sanction.

At that time, Plaintiff was out on bail in the State of Maryland under case number BMOB7X-4, in the Baltimore County Circuit Court for Towson, Maryland, where a jury trial was scheduled for July 3, 2024.

Between June 13, 2024 and July 12, 2024, Plaintiff made multiple verbal and written requests to obtain writing utensils, paper, and envelopes necessary to send outgoing legal mail to Maryland court officials and counsel.

Despite these repeated requests, no correctional officer, counselor, or staff member provided Plaintiff the necessary supplies to communicate with the Maryland court.

Plaintiff further requested permission to make legal phone calls to Maryland to notify the court that he was incarcerated, but was informed by staff that York County Prison does not contact other states or courts on behalf of inmates.

Prison counselors advised Plaintiff that inmates on Behavioral Adjustment Unit (B.A.U.) status are not permitted to use the telephone until completing 30 days of disciplinary time, even for legal emergencies or to avoid a pending bench warrant.

Plaintiff attempted to speak with correctional officers during their rounds, but staff routinely ignored or dismissed his requests, claiming they would 'look for supplies' and never returning, or stating they 'did not have any' and shifting responsibility to the next shift.

As a direct and proximate result of this deliberate inaction, Plaintiff was prevented from contacting the Maryland authorities, and on or about July 3, 2024, a bench warrant for failure to appear was issued in his Maryland case.

Following the issuance of the warrant, Plaintiff's bail in Maryland was revoked, causing substantial prejudice and legal harm to him once he turned himself in to Maryland authorities after his Pennsylvania incarceration ended.

Plaintiff's inability to communicate with Maryland was caused directly by the policies, customs, or deliberate indifference of the York County Prison administration and staff.

Defendants acted intentionally and with reckless disregard for Plaintiff's constitutional rights, knowing that denying him access to legal materials and communication would likely result in legal harm.

## IV. CAUSES OF ACTION

COUNT I – DENIAL OF ACCESS TO COURTS (42 U.S.C. §1983; U.S. Const. amend. XIV)

Defendants' refusal to provide Plaintiff with writing materials, mail access, or phone privileges necessary to communicate with the Maryland court effectively denied Plaintiff access to the courts, violating his right to petition and defend himself.

As a result, Plaintiff suffered an actual injury in the form of a bench warrant and revocation of bail, leading to additional detention and reputational harm.

COUNT II – DEPRIVATION OF DUE PROCESS (42 U.S.C. §1983; U.S. Const. amend. XIV)

By deliberately refusing Plaintiff access to communication necessary to protect his liberty interest in maintaining bail and appearing for court, Defendants deprived Plaintiff of procedural due process.

Defendants acted under color of state law and in their official capacities, enforcing policies or customs that denied Plaintiff fair and reasonable access to legal communication.

## V. RELIEF REQUESTED

Declaratory Relief – A declaration that Defendants' actions violated Plaintiff's constitutional rights under the Fourteenth Amendment.

Injunctive Relief – An order directing the appropriate authorities to acknowledge and correct the record of the Maryland bench warrant and bail revocation as being caused by interference from York County Prison.

Compensatory Damages – For the physical and emotional distress, reputational harm, and legal consequences suffered.

Punitive Damages – Against the individual Defendants for willful or reckless disregard of Plaintiff's rights.

Costs and any further relief this Court deems just and proper.

## VI. VERIFICATION

I, Demetrius Maurice Miles, verify that the statements made in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to the penalties of perjury.

Date: 10/21/25

Respectfully submitted,

**Demetrius Maurice Miles**
1785 Altland Avenue
York, PA 17404
Plaintiff, Pro Se

Demetrius Maurice Miles

1785 Altland Avenue

York, PA 17404

Plaintiff, Pro Se

Date: 10/21/25

Clerk of Court

U.S. District Court for the Middle District of Pennsylvania

William J. Nealon Federal Building & U.S. Courthouse

235 North Washington Avenue

Scranton, PA 18503

**RE: Submission of §1983 Civil Rights Complaint and Motion to Proceed In Forma Pauperis**

Dear Clerk of Court:

Enclosed please find the following documents for filing in the United States District Court for the Middle District of Pennsylvania:

1. Verified Civil Rights Complaint for Violation of Due Process and Denial of Access to Courts Pursuant to 42 U.S.C. §1983;
2. Certificate of Service; and
3. Application to Proceed In Forma Pauperis (with supporting declaration).

I am submitting these materials **by mail** and respectfully request that the Clerk file the enclosed complaint, assign a civil action number, and present the In Forma Pauperis application to a judge for consideration.

Please notify me by mail at the address listed above if any further documentation is required to complete the filing.

Thank you for your time and assistance in this matter.

Respectfully submitted,

**Demetrius Maurice Miles**
1785 Altland Avenue
York, PA 17404
Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DEMETRIUS MAURICE MILES**, Plaintiff

v.

**YORK COUNTY PRISON, et al.**, Defendants.

# CERTIFICATE OF SERVICE

I, **Demetrius Maurice Miles**, Plaintiff in the above-captioned matter, hereby certify that on this date I have served a true and correct copy of the foregoing **Verified Civil Rights Complaint for Violation of Due Process and Denial of Access to Courts Pursuant to 42 U.S.C. §1983** by depositing it in the United States Mail, first class postage prepaid, addressed as follows:

**York County Prison**
Attn: Warden Adam Ogle & Warden Valerie Conway
3400 Concord Road
York, Pennsylvania 17402

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 10/21/25

Respectfully submitted,

**Demetrius Maurice Miles**
1785 Altland Avenue
York, PA 17404
Plaintiff, Pro Se



Demetrius Miles
1765 Altland Ave
York, Pa 17404

CLERK OF COURT
U.S. District Court for the Middle District
of Pennsylvania
William J. Nealon Federal Building
Courthouse
235 North Washington Avenue
Scranton, PA 18503

RECEIVED
SCRANTON
OCT 24 2025
PER _____ DEPUTY CLERK